NEW-YORK,
May, 1814.

DIBLEE
v.
BEST.

DIBLEE *against* BEST AND OTHERS.

THIS was an action of *debt* on an arbitration bond. The defendants prayed *oyer* of the bond, the *condition* of which recited that whereas certain disputes and controversies had arisen between the parties relative to the hire, use, and treatment of a certain horse called the *Highlander*, as well as in other respects, in and about the said horse, as, under a certain agreement, dated the 22d of *March*, 1812, between the said parties, &c. and it having been mutually agreed to submit all and singular the matters in dispute between the parties, or either of them, of and concerning the said horse, whether under the said agreement, or otherwise, to *A.*, *B.*, &c. the condition was, if the defendants should abide, &c. the award of the arbitrators, or any two of them, of and concerning the premises aforesaid, and the reasonable costs of the arbitration, so that, &c. then, &c. The defendants pleaded *no award*.

The plaintiff replied, stating the submission, &c. and averring that two of the arbitrators made and published their award in writing, &c. and did award and order that the defendants should pay to the plaintiff the sum of one thousand dollars, and the further sum of 54 dollars and 31 cents, costs of the arbitration, &c. and which was to be in full of all differences expressed in the condition of the said bond, and averring that the defendants did not pay, &c. wherefore he prayed judgment, &c.

The defendants craved *oyer* of the *award*, which was set forth, reciting that divers disputes, variances, &c. have been and were depending between the parties, for the determining whereof the parties had submitted themselves, and became bound each to the other, by their several obligations, dated the 17th of *August*, 1812, &c. with a condition thereunder written, in all things well and truly to stand to, abide, &c. the award of, &c. or any of them, &c. indifferently chosen, &c. to arbitrate, &c. of and concerning all and all manner of actions, cause and causes of actions, promises, accounts, reckonings, sums of money, judgments, executions, quarrels, controversies, trespasses, damages, and demands whatsoever, at any time heretofore had, &c. or de-

*Where a submission to arbitrators was special, of one matter only, and the award recited a general submission of all matters, &c. referring to the arbitration bond, " as by the said bond may more fully appear," it was held that the recital might be rejected, as immaterial; and the award, being of a sum of money to be paid in full of the differences expressed in the condition of the bond, was good. A misrecital does not vitiate an award. When the action is on the award, the plaintiff is not bound to set forth more of the award than is necessary to support his action; but where the action is on the arbitration bond, he must, in his replication to the plea of no award, set out the whole award, though it is not necessary, in that case, to set it out in hæc verba; but such parts as are void, or immaterial, may be omitted. As, where the plaintiff in*

his *replication* omitted the *recital* in the award, this was held not to be such a *variance* as would vitiate the plea, the recital being immaterial and void.

NEW-YORK,
May, 1814.

DIBLEE
v.
BEST.

pending by and between the said parties, so as the award, &c. "as by the said obligations and conditions doth more fully appear;" that the arbitrators, having taken upon themselves the burden of the award, &c. and having heard the parties, &c. at large, and the witnesses and evidence *concerning the premises*, made their award, &c. of and concerning the premises, &c. awarding that the defendants pay to the plaintiff the sum of *one thousand* dollars, and 54 dollars and 31 cents for the costs of arbitration, on or before the 1st of *October* then next, and "that the same be considered *in full of and concerning all differences expressed in the above-named bond*." The defendants then *demurred* specially to the replication, and assigned as *causes* of demurrer, that there was a manifest *variance* between the *submission* set forth in the condition of the bond declared upon and set forth in the *plea*, and the submission set forth in the *award*, &c. the submission in the bond, set forth in the declaration and plea, being special, of and concerning one matter only, and the *submission* set forth in the *award* of the arbitrators, referred to in the *replication*, being general of all matters whatsoever in difference between the parties. The plaintiff joined in demurrer.

*E. Williams*, in support of the demurrer. The replication does not set forth the whole of the award, as it ought to have done. Where an action of debt is brought on the *award* itself, the plaintiff may set forth as much of the award as may be necessary to maintain the action; but when the action is on the *arbitration bond*, and the defendant pleads that no award was made, the plaintiff, in his replication, must set forth the whole of the award, and assign his breaches.*

* *Saund.* 62.
b. n. (8).     1.
*Leon.* 72.     1
*Sid.* 161.     1
*Salk.* 72.     1
*Burr.* 281.    1
*Chit. Pl.* 555.
2 *Chit. Pl.*
618, 619.

The variance, in this case, between the submission contained in the bond, and that recited in the award, is palpable. The first is of a single, specific point of controversy. The other is of all manner of controversies which could possibly exist between the parties.

*Bloom* and *J. Tallmadge*, contra. There is no variance between the award itself and the bond. There is a *misrecital* only, which does not vitiate the award.† The recital was not necessary, and the award would have been sufficient without it.‡ If the award is in all other respects good, and within the

† 2 *Mod.* 169.

‡ *Kyd on Awards*, 230.
232. 235.

submission, it ought not to be deemed bad, merely because the arbitrators have recited greater power than they actually possessed. Where there is a submission of *all matters* in controversy, an award of a *single* matter only is good; for it will not be intended that there were any other matters in difference, unless they be shown.\* Awards are to be construed liberally; if they are certain and final, it is sufficient.

The plaintiff in his replication did not make a *profert in curia* of the award; the defendants ought not, therefore, to have craved *oyer*. Oyer is demandable only where the deed is *necessarily* pleaded with a *profert*.† If the plaintiff sets forth an award with a *profert*, the defendant may crave *oyer*, and demur for the variance; but if the award is set forth without a *profert*, he must plead "no such award," on which issue is joined;‡ and if, on the trial of the issue, there is a material variance between the award set forth and the one given in evidence, the defendant will be entitled to a verdict.

*Williams*, in reply. The award recites that *all matters* of controversy were submitted, and the arbitrators say they took upon themselves the charge of *that submission;* and they go on and award a sum of money in full of *all* those matters so submitted. If the *recital* is struck out, it will not appear that the arbitrators had any power.

The defendants have a right, though a *profert* was not necessary, to crave *oyer* and demur. Besides, the plaintiff did not object to the demand of *oyer*, but regularly joined in demurrer. He cannot, therefore, object to any informality in this respect.

THOMPSON, Ch. J. delivered the opinion of the court. The special demurrer alleges for cause, a variance between the *submission* as contained in the bond, and the *submission* as set out in the award. According to the condition of the bond, the submission was *special*, of one matter only in dispute between the parties. But the award contains a *recital* of a *general* submission of all matters, concluding, however, with a reference to the bond, for more particular information, as to the matter submitted. The question arising on these pleadings is, whether this is such a variance as to vitiate the replication.

The rule of pleading, as to setting out the award, is, no doubt, different when the action is upon the arbitration bond,

\* 8 *East*, 445.
1 *Burr.* 277.

† 1 *Chit. Pl.*
414. 1 *Tidd's Prac.* 526.

‡ *Kyd on Awards*, 289.

and when it is upon the award itself. In the latter case, the plaintiff is not bound to set forth more of the award than is necessary to support his particular claim. In the former, he must set out, in his replication, the whole award. This appears to be the general rule laid down by elementary writers. (1 *Chit. Pl.* 5%5.) But, by a recurrence to the cases decided, it will be seen that it is not required that the award should be set out *in hæc verba.* If any part is void and immaterial it may be omitted. This distinction is supported by the case of *Foreland* v. *Marygold,* (1 *Salk.* 72. S. C. 1 *Ld. Raym.* 715. S. C. 12 *Mod.* 534.) which is a leading case on this subject.

In the case before us, the only variance is an omission in the replication of the recital contained in the award. That recital is not only immaterial, but void, as being foreign from the submission, and not warranted by it, and containing matter upon which no award was pretended to be made. In the case of *Adams* v. *Adams,* (2 *Mod.* 169.) it is expressly laid down, that a misrecital in an award will not vitiate it. There is no objection, therefore, to the replication, in matter of form.

On the merits, the plaintiff is clearly entitled to recover. The award does not extend to matters not contained in the submission. Though the recital is broader than the condition of the bond, and purports to extend the powers of the arbitrators to matters not contained in the submission, yet it expressly refers to the bond for the particulars of the matter submitted; and being mere recital only, it may be rejected as immaterial. The award purports to be upon the matter contained in the condition of the bond, and no further; for it directs the payment of a sum of money by the defendants to the plaintiff, which "shall be considered in full of and concerning all differences in the condition expressed in the bond." Judgment must be entered for the plaintiff.

                              Judgment for the plaintiff.